IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALAN DENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11CV318-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Michael Alan Dence brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. ## 9, 10). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

Plaintiff was born in 1960 and completed tenth grade in 1977. He filed an application for supplemental security income on July 21, 2004, alleging disability since December 31, 2002, due to diabetes, breathing problems, and a hearing loss in his left ear. (Exhibits 1D, 1E; R. 66, 70). He reported that he worked as a machine operator from 1987 through 1991; that he had worked "off and on from 1992 through 1997" but "can't remember what [he]


did"; and that he had stopped working as the manager of a service station on January 15, 2003, after three months on the job, because the "business closed down." (R. 67, 71).[1] Plaintiff's application was denied at the initial administrative level on October 20, 2004, and he requested a hearing before an ALJ. (Exhibits 1B, 2B, 3B). After a hearing conducted on August 1, 2006, the ALJ issued a step five decision concluding that plaintiff was not disabled. (Exhibits 2A, 9B). The Appeals Council denied review, and plaintiff appealed the Commissioner's decision to this court. (Exhibits 12B, 13B).

The court reversed the Commissioner's decision, concluding that the ALJ's mere adoption of the state agency psychologist's mental RFC assessment and Psychiatric Review Technique Form did not constitute a sufficient analysis of plaintiff's mental limitations to satisfy the requirements of 20 C.F.R. § 416.920a and Moore v. Barnhart, 405 F.3d 1208, 1213-14 (2005). (Exhibit 13B, Memorandum Opinion and Judgment entered on February 28, 2008 in Dence v. Astrue, 2:07CV677-TFM). The Appeals Council remanded the case to the ALJ (Exhibit 14B), ordering that the the ALJ "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (R. 306). The Appeals Council further ordered the ALJ to consolidate the claim with plaintiff's later claim for supplemental security income benefits, filed on October 2, 2006, while the first claim was pending before the Appeals Council on plaintiff's request for

---

[1] In a work history report he completed on August 6, 2004, plaintiff reported work in 1996 as a cook at Elmore Correctional Facility and in 1997 as a catfish farmer at "State Cattle Ranch." (R. 72). The state agency determined that this work did not constitute past relevant work as plaintiff performed it during his incarceration and was not paid for the work. (R. 72, 93; see also R. 489). Plaintiff's earnings report shows minimal earnings, except for the period from 1987 through 1991. (Exhibits 2D, 3D, 4D).

review.  (R. 270, 307).

After a hearing conducted on November 3, 2009 (R. 458-92),[2] the ALJ issued a decision, again finding that plaintiff was not disabled between July 21, 2004, the filing date of his first application and the date of the hearing decision. (R. 270-90).  Plaintiff filed exceptions to the decision and, on February 25, 2011, the Appeals Council declined jurisdiction.  Thus, the ALJ's decision of December 7, 2009, is the final decision of the Commissioner before this court for review.  See 20 C.F.R. 416.1484 ("[W]hen a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case.").

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed.  The court does not reweigh the evidence or substitute its judgment for that of the Commissioner.  Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings.  Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Cornelius, 936 F.2d at 1145.  Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity

---

[2] The hearing on remand was rescheduled from July 16, 2008 to November 3, 2009 due to plaintiff's incarceration for DUI.  (R. 466; Exhibits 16B, 17B, 18B, 19B).

attaches to the ALJ's determination of the proper legal standards to be applied.  Davis, 985 F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed.  Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

On remand, the ALJ concluded that plaintiff suffers from the "severe" impairments of "metabolic syndrome, obesity, hypertension, non-insulin-dependent diabetes mellitus with diabetic neuropathy, generalized pain syndrome, history of chest pain due to smoker's bronchitis and asthma, reduced hearing in left ear with normal hearing in right ear, mild to moderate degenerative joint disease of the knees and ankles, mild to moderate osteoarthritis of the ankles, wrists, and mid-back; anxiety disorder, and symptoms of depression[.]" (R. 272).  He found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment (R. 283). The ALJ determined that plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) within the parameters specified in the PRFCA completed by Dr. Carter (Exhibit 4F) and the MRFCA (Exhibit 14F) and PRT (Exhibit 13F) completed by Dr. Nuckols." (R. 284).  The ALJ concluded that plaintiff cannot perform his past relevant work but that he retains the residual functional capacity to perform other jobs that exist in significant numbers in the national economy, including the jobs of sorter, inspector/handpacker, and small products assembler and, therefore, that he is not under a disability as defined by the Social Security Act.  (R. 288-89).

Plaintiff contends that the ALJ's findings are not supported by substantial evidence and inadequately address the court's remand order.  Plaintiff alleges error, *inter alia*, in the ALJ's rejection of the opinions of Donald W. Blanton, Ph.D., who performed consultative psychological evaluations for the Commissioner on January 3, 2007 (Exhibit 10F) and August 21, 2008 (Exhibit 16F). Plaintiff points to Dr. Blanton's evaluations and to the vocational expert's testimony that the limitations set forth by Dr. Blanton at Exhibit 16F would preclude the performance of plaintiff's past relevant work or other work  (see Doc. # 12, p. 9).  Plaintiff argues that "[t]he ALJ ... particularly erred in rejecting the opinion of a consultative psychologist utilized by the Agency itself and whose opinion would be dispositive" (id., p. 12).  The ALJ gave "great weight" to the opinion of Dr. McKeown, the non-examining psychologist who testified at the hearing (R. 286-87; see also R. 477-83) and "greater weight" to the opinions expressed in the  mental RFC and PRT forms completed by the non-examining state agency psychiatrist, Dr. Nuckols, on February 8, 2007 (R. 287; see also Exhibits 13F, 14F).[3]  As to Dr. Blanton's opinions, the ALJ reasoned:

> I give some weight to Dr. Blanton's opinion and findings but afford greater weight to the opinions of Dr. Nuckols and Dr. McKeown *because they are acceptable medical sources and Dr. Blanton is not.  Dr. Blanton is a licensed professional counselor and not a psychiatrist or a licensed clinical*

---

[3] Plaintiff raised these contentions in his January 6, 2010 exceptions addressed to the Appeals Council, also. (R. 265-66).  Except in summarizing the hearing testimony of Dr. McKeown, the ALJ does not refer to the evaluations conducted by Dr. Blanton as "consultative" examinations ordered on behalf of the Commissioner.  (See R. 277-78, 279-82).  However, Dr. Blanton's first report states that plaintiff was "referred by the Social Security Department for a mental examination" (R. 360); his second report states that plaintiff was "referred by the Social Security Department for a mental examination to include the WAIS-III and Medical Source Opinion Form (mental)" (R. 441).   The Commissioner does not contend that the evaluations conducted by Dr. Blanton were anything other than consultative examinations purchased by the Commissioner pursuant to 20 C.F.R. § 416.919. (See Commissioner's brief, Doc. # 13, p. 4 )("On January 3, 2007, Donald Blanton, Ph.D., consultatively examined Plaintiff ....").

> *psychologist. Licensed professional counselors are not acceptable medical sources as defined at 20 CFR 416.913(a).* Rather, they are "other sources" under 20 CFR 416.913(d). As "other source[s]," their opinions are not medical opinions and are and are not entitled to controlling weight or great weight.

(R. 287)(footnote omitted, alteration in original, emphasis added). In a footnote, the ALJ wrote:

> An official with the Alabama Board of Examiners in Psychology confirmed by telephone that Dr. Blanton is not a licensed clinical psychologist in Alabama. An official with the Alabama Board of Examiners in Counseling confirmed by telephone that Dr. Blanton is a licensed professional counselor.

(R. 287 n. 4).

The Commissioner's regulations require that the Commissioner obtain a consultative examination at the Commissioner's expense when the evidence of record from medical sources is not sufficient to determine whether the claimant is disabled. See 20 C.F.R. §416.917; §416.919a(a), (b). The Commissioner "will purchase a consultative examination *only from a qualified medical source*." 20 C.F.R. §416.919g(a)(emphasis added). The regulation defines "qualified" to mean that the "medical source must be currently licensed in the State *and have the training and experience to perform the type of examination or test we will request*." 20 C.F.R. § 416.919g(b)(emphasis added).

As the ALJ observes, a licensed professional counselor is not an "acceptable medical source" but is, instead, an "other source" that cannot provide a "medical opinion." (R. 287; 20 C.F.R. §416.913, §416.927(a)(2); see also Siverio v. Commissioner of Social Security, 461 Fed. Appx. 869, 871 (11th Cir. 2012)("Only 'acceptable medical sources' can provide medical opinions, which are 'statements from physicians and psychologists or other

6

acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairment, including symptoms, diagnosis and prognosis, what the claimant can still do despite the impairment and the claimant's physical or mental restrictions.")(citations omitted). The regulation does not define "qualified medical source" to include only "acceptable" medical sources, and the court does not here hold that the Commissioner's regulations require the use of "acceptable" medical sources as consultative examiners. However, according to Dr. Blanton's reports, the "Social Security Department" referred plaintiff to him "for a mental examination" in January 2007 and "for a mental examination to include the WAIS-III and Medical Source Opinion Form (mental)" in August 2008. (R. 360, 441)(emphasis added). Thus, while the ALJ discounted Dr. Blanton's opinion because it is not a "medical opinion," the Commissioner referred plaintiff to Dr. Blanton for a consultative examination seeking, not just intelligence testing but, also, a mental evaluation and Dr. Blanton's "opinion ... of how this individual's mental/emotional abilities to perform work-related activities on a day-to-day basis in a regular work setting ... are affected by the mental impairment(s)." (See R. 444). The selection of Dr. Blanton to perform this evaluation suggests that he has the "training and experience to perform the type of examination or test [the Commissioner] request[ed]." 20 C.F.R. § 416.919g(b)

The sole reason stated by the ALJ for discounting Dr. Blanton's opinion is that Blanton is not an acceptable medical source. (R. 287). However, the Commissioner has issued a ruling indicating that – even though the regulations do not require this analysis – the adjudicator is to evaluate the opinions of "other" medical sources using the factors set forth

in the regulations for weighing medical opinion evidence:

> Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources," these same factors can be applied to opinion evidence from "other sources." These factors represent basic principles that apply to the consideration of all opinions from medical sources who are not "acceptable medical sources" as well as from "other sources," such as teachers and school counselors, who have seen the individual in their professional capacity. These factors include:
>
> • How long the source has known and how frequently the source has seen the individual;
>
> • How consistent the opinion is with other evidence;
>
> • The degree to which the source presents relevant evidence to support an opinion;
>
> • How well the source explains the opinion;
>
> • Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
>
> • Any other factors that tend to support or refute the opinion.

SSR 06-03p, 2006 WL 2329939 at *4-5.  The Ruling further provides, as to opinions from medical sources such as Dr. Blanton, who are not "acceptable medical sources" that:

> Opinions from "other medical sources" may reflect the source's judgment about some of the same issues addressed in medical opinions from "acceptable medical sources," including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions.
>
> Not every factor for weighing opinion evidence will apply in every case. The evaluation of an opinion from a medical source who is not an "acceptable medical source" depends on the particular facts in each case. Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case.
>
> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an "acceptable medical source" because, as we

8

> previously indicated in the preamble to our regulations at 65 FR 34955 , dated June 1, 2000, "acceptable medical sources" "are the most qualified health care professionals." *However, depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.*

Id. at *5. The ALJ cited SSR 06-3p in the opening paragraph of his RFC analysis. (R. 284). However, his written decision gives no indication that he considered any factor other than Dr. Blanton's status as an "other source" – a fact he confirmed by resort to evidence not of record, *i.e.*, the statements he obtained by telephone from officials of the state boards of examiners – in determining the weight to assign to the opinion. (R. 287; id. at n. 4). The "particular facts in [this] case" (SSR 06-03p at *5) include the fact that the Commissioner, by selecting Dr. Blanton to perform the consultative mental evaluation, deemed him "qualified" to render the opinion requested in the MSO form as to plaintiff's mental functional limitations and, also, the fact that Dr. Blanton is an examining medical source – albeit not an "acceptable" one – who twice evaluated the plaintiff, in contrast to the non-examining acceptable medical sources whose opinions the ALJ accorded greater weight. The opinion that the ALJ found to be entitled to the greatest weight was from a non-examining psychiatrist who rendered this opinion in February 2007 – more than eighteen months before the Commissioner referred plaintiff to Dr. Blanton for further consultative evaluation in August 2008, presumably because the evidence then of record (including the non-examining agency psychiatrist's opinion) was "not sufficient to support a decision on [plaintiff's]

claim." (See R. 287; Exhibits 13F, 14F, and 16F; 20 C.F.R. § 416.919a). The ALJ's decision does not reflect that he considered these factors in determining the weight to accord to Dr. Blanton's opinions, and does not reflect that he analyzed the opinions as required by SSR 06-03p. The court here expresses no opinion about whether the ALJ might have offered a legally sufficient basis for discounting the opinion of the agency's consultative examiner. Instead, it finds that the ALJ's decision does not reflect that he conducted the required analysis in determining the weight he would accord to Dr. Blanton's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is due to be REVERSED, and this action REMANDED to the Commissioner for further administrative proceedings. Because this case has now twice come before the court on appeal of the Commissioner's decision, the court will direct that the Commissioner's next decision on plaintiff's claims be rendered by the Appeals Council, as permitted by 20 C.F.R. § 416.1483, either in the first instance or upon a recommended decision by the Administrative Law Judge.

DONE, this 26th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE