IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALAN DENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11CV318-SRW |
| ) | (WO) |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is presently before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 17). The Commissioner objects to an award of fees under the EAJA, contending that the government's position was substantially justified. (Doc. # 19). Upon consideration of plaintiff's motion, the Commissioner's response, and the prior proceedings in this matter, the court concludes that plaintiff's motion for EAJA fees is due to be granted.

Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In opposing an award of EAJA fees in this case, the Commissioner advances no "special circumstances" that would render an award unjust; she contends only that the government's position was substantially justified. (Doc. # 19). "The government bears the burden of showing that its position was substantially justified." U.S.

v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997)(citation omitted); see also U.S. v. Aisenberg, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees."). "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – *i.e.* when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995)(quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). To satisfy her burden of establishing substantial justification, the Commissioner must demonstrate that her position was substantially justified throughout the case, including in the administrative proceedings before the Commissioner. 28 U.S.C. § 2412(d)(2)(D)("position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"); Myers v. Sullivan, 916 F.2d 659, 666 n. 5 (11th Cir. 1990)("An examination of whether the government's position was substantially justified encompasses an evaluation of *both* the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department.")(emphasis in original)(citations omitted).

The Commissioner contends that this court reversed her final decision because the court "found the ALJ did not properly weigh Dr. Blanton's opinion regarding Plaintiff's limitations." (Doc. # 19, p. 2). She argues that the reason given by the ALJ for discounting Dr. Blanton's opinion – *i.e.*, that he is not an "acceptable medical source" – was both

"legitimate" and "adequate for assigning this opinion less weight" and, therefore, that her position was substantially justified. (Id., pp. 2-3).

Under other circumstances, the reason stated by the ALJ in the present case might well be adequate. However, the Commissioner's substantial justification argument overlooks pertinent aspects of this case. She fails to acknowledge that she requested the consultative examination and medical source opinion from Blanton – an action that *her own regulations preclude* unless the consultative examiner is a "qualified medical source."[1] The ALJ might have addressed the agency's error in this regard head on by – for example – advising plaintiff's counsel of the agency's error before issuing a decision so as to allow plaintiff an opportunity to address the issue, or by ordering another consultative psychological examination from an "acceptable" medical source. Instead, the ALJ chose to discount the consultative examiner's opinion – citing evidence not of record[2] – stating only one reason for doing so, *i.e.*, that Blanton is not an "acceptable medical source" under the Commissioner's regulations. The Commissioner has not demonstrated that this position was reasonable in light of the particular facts and circumstances of this case and, thus, she has

---

[1] See 20 C.F.R. § 416.919g(a)("We will purchase a consultative examination only from a qualified medical source."); id., at subsection (b)("By 'qualified,' we mean that the medical source must be currently licensed in the State and have the training and experience to perform the type of medical examination or test we will request."). It appears that the ALJ sought to avoid highlighting the issue by describing both of the consultative evaluations the Commissioner had obtained from Dr. Blanton as "*confidential* evaluation[s]." (See R. 277 (referring to the 2007 consultative examination) and R. 279 (referring to the 2008 consultative examination)(emphasis added); see also R. 278 (denoting examination by Dr. Jani, in contrast, as a "consultative" examination)).

[2] See R. 287 n. 4 (ALJ's report of evidence received by telephone from "[a]n official with the Alabama Board of Examiners in Psychology" and "[a]n official with the Alabama Board of Examiners in Counseling").

failed to carry her burden of establishing that her position was substantially justified both at the administrative level and before this court.  Thus, plaintiff is entitled to an award of fees under the EAJA.

Plaintiff seeks attorney fees in the total amount of $3,719.53, based on 20.6 hours of work at the rate of $180.56 per hour.  (Doc. # 19).  The Commissioner raises no challenge to the amount of time expended by plaintiff's counsel in litigating this matter or to the requested hourly rate.  (See Doc. # 19).  Upon review of the record in this matter, the court concludes that the amount of fees plaintiff seeks is reasonable.

## CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1) plaintiff's application for attorney fees (Doc. # 17) is GRANTED, and plaintiff is awarded attorney fees, pursuant to the EAJA, in the amount of $3,719.53;

(2) the Commissioner is DIRECTED to send any check it issues to the plaintiff in payment of such EAJA fees to the plaintiff, in care of his attorney, Marilyn H. Macey, at Macey's address of record.

DONE, this 16th day of December, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE